UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE #3,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00868-JLT-BAM (PC)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE MOTION TO PROCEED BY PSEUDONYM**<br><br>(ECF No. 5.) |

Plaintiff, proceeding with counsel, initiated this action on June 6, 2023. (ECF No. 1.) On June 12, 2023, plaintiff filed the instant *ex parte* motion requesting permission to proceed by the pseudonym "Jane Doe #3" in place of her true and correct name because this case involves allegations of sexual assault and rape by a correctional officer. (ECF No. 5.) Having considered the motion, and for the reasons that follow, plaintiff's *ex parte* request to proceed by pseudonym will be granted, subject to reconsideration when defendants appear in this action.

**LEGAL STANDARD**

The normal presumption in litigation is that parties must use their real names, which is loosely related to the public's right to open courts and the right of private individuals to confront their accusers. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). However, courts permit parties to proceed anonymously when special circumstances justify secrecy. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d

1

1058, 1067 (9th Cir. 2000).  In the Ninth Circuit, a party may proceed with a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Id.* at 1067-68 (quotation and citation omitted).  "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.  "Applying this balancing test, courts have permitted plaintiffs to use pseudonyms . . . when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature.'" *Id.* (citations omitted).

## DISCUSSION

Plaintiff requests to proceed by the pseudonym "Jane Doe #3" in place of her true and correct name because this action involves allegations of sexual assault and rape by a correctional officer, while Plaintiff was incarcerated at Central California Women's Facility in Chowchilla, California.  (ECF No. 5 at pp 1-2.)  Plaintiff is no longer in custody and wishes to maintain her privacy and not be publicly named or identified in this action.  (*Id.* at p. 2.)  Plaintiff believes the issues in this litigation are highly sensitive and personal in nature, such that disclosure of her identity would raise a serious risk of psychological and emotional harm.  (*Id.*)  Plaintiff does not believe that proceeding by a pseudonym will be prejudicial to defendants because she has already disclosed her true identity to defendants prior to filing this action and will disclose her true identity to defendants during the course of this litigation, including during pre-trial discovery.  (*Id.*)

At this stage of the proceedings, the Court finds good cause to grant the *ex parte* motion based on the allegations at issue and because of plaintiff's representation that her identity has already been disclosed to defendants.  "Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, No. CV-15-07503-MWF-JC, 2016 WL 9137645, at *1 (C.D. Cal. June 17, 2016) (collecting cases).  However, the Court will reconsider the issue should defendants object once they have appeared in this action. *See Jane Doe #2 v. State of California, et al.*, No. 1:23-cv-00869-JLT-SAB, 2023 WL 3956475, at *2 (E.D. Cal. June 12, 2023).

**CONCLUSION AND ORDER**

Having considered the motion, the Court concludes that Plaintiff's need for anonymity outweighs any countervailing interests at this time. Accordingly, Plaintiff's *ex parte* motion to proceed by pseudonym (ECF No. 5) is GRANTED, subject to reconsideration once defendants have appeared in this action.

IT IS SO ORDERED.

Dated:   **June 14, 2023**          /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE